**HEIDI K. WILLIAMS** (CA State Bar No. 297428)
Deputy County Counsel
MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-4069
E-Mail:  Heidi.Williams@cc.sbcounty.gov

Attorneys for Defendants County of San Bernardino and Daniel Nuci

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN SCHNEIDER,<br><br>             Plaintiff,<br><br>       v.<br><br>COUNTY OF SAN BERNARDINO; DANIEL NUCI; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.  5:20-cv-00817-PA (SHK)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:        September 14, 2020<br>Time:       1:30 p.m.<br>Location:  Ctrm. 9A, First Street<br><br>Percy Anderson, District Judge<br>Shashi H. Kewalramani, Magistrate Judge |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that on September 14, 2020, at 1:30 p.m., or as soon thereafter as the matter might be heard, in Courtroom 9A of the above-referenced court located at 350 W. First Street, Los Angeles, California, specially appearing Defendant COUNTY OF SAN BERNARDINO will and hereby does move to dismiss the First Amended Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the pleading lacks sufficient factual allegations to state a claim for municipal liability.

This motion will be based upon this Notice, the Brief in Support of Motion, the Declaration of Heidi K. Williams, all pleadings on file in the above-referenced case, and such other matters as the Court may allow at the time of the hearing.

## MEET AND CONFER COMPLIANCE

Pursuant to Local Rule 7-3, counsel for the specially appearing defendant met and conferred several times with counsel representing plaintiff Christian Schneider by written correspondence and by telephone beginning on July 6, 2020.

DATED:   August 3, 2020                    Respectfully submitted,

MICHELLE D. BLAKEMORE
County Counsel

/s/ Heidi K. Williams
**HEIDI K. WILLIAMS**
Deputy County Counsel
Attorneys for Defendants County of San Bernardino and Daniel Nuci

**BRIEF IN SUPPORT OF MOTION TO DISMISS 1ST AMENDED COMPLAINT**

I.

INTRODUCTION

Plaintiff Christian Schneider's First Amended Complaint, filed on July 20, 2020, fails to state a claim for municipal liability against the County of San Bernardino. Mr. Schneider contends he was subjected to an unconstitutional seizure when he was contacted by Deputy Sheriff Daniel Nuci on September 24, 2019. Despite incurring no physical injuries whatsoever, he seeks damages in excess of $2,000,000 from the County for the brief encounter. This request in entirely unwarranted. Mr. Schneider has not presented and cannot present sufficient factual support to establish the County of San Bernardino's hiring and training practices were the moving force behind the alleged constitutional violation. For these reasons, the County moves to dismiss the third cause of action from the First Amended Complaint.

II.

LEGAL STANDARDS

A motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claim or claims stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

"A pleading which sets forth a claim for relief…shall contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief…" FED. R. CIV. P. 8.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*")). Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The "practical significance of the Rule 8" pleading requirements are to prevent a plaintiff from being allowed to "take up the time of a number of other people," inundate the defendant with unnecessary discovery, and use such discovery as an "*in terrorem*" means to force a settlement. *Twombly,* 550 U.S. at 557-558 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005)).

### III.
### FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2019, plaintiff Christian Schneider ("Plaintiff") was contacted by Deputy Sheriff Daniel Nuci while Plaintiff was walking on 19th Street in Rancho Cucamonga, California. First Amended Complaint ("FAC") ¶¶ 15-21. Deputy Nuci detained Plaintiff in handcuffs and searched Plaintiff's pockets and backpack. FAC ¶¶ 22, 23 & 25. Plaintiff alleges Deputy Nuci smashed Plaintiff's lunch when he threw the backpack down and kept Plaintiff's "nutritional supplements" after he released Plaintiff. FAC ¶¶ 24, 26-27. Although the allegations pertaining to this brief encounter are in dispute, Plaintiff contends he is entitled to millions of dollars for this warrantless search. FAC ¶¶ 28-31.

Plaintiff filed a complaint in the United States District Court, Central District of California, on April 16, 2020. ECF No. 1. He filed a First Amended Complaint on July 20, 2020. Plaintiff names Deputy Nuci as a defendant to two causes of action for unreasonable seizure of his person and of his property. FAC ¶¶ 14-36. He names the

County of San Bernardino (the "County") as a defendant to one cause of action for municipal liability pursuant to 42 U.S.C. section 1983 that is labeled "failure to properly train and for failure to properly hire/fire/discipline." FAC ¶¶ 37-45. In addition to reciting placeholder elements of this cause of action, Plaintiff lists a series of other lawsuits filed against the County as "factual support" for this cause of action. See FAC p. 10 n.2. He does not identify any facts pertaining to hiring, firing, or discipline.

The parties met and conferred regarding the cause of action against the County but were unable to resolve their views about municipal liability. Accordingly, the County hereby moves to dismiss the third cause of action from the First Amended Complaint.

## IV.
## LEGAL ARGUMENTS

In support of his claim for municipal liability, Plaintiff presents three potential theories. However, none of these theories is well pled because Plaintiff has not presented specific factual allegations that establish a plausible entitlement to relief from the County. As it stands, Plaintiff's case is simply an impermissible attempt to establish vicarious liability and should be dismissed.

A. <u>Plaintiff Has Failed to State A Claim Against the County for Failure to Train</u>.

Plaintiff seeks to impose liability on the County for his isolated incident of alleged improper seizure. Although he contends the alleged civil rights violations occurred as a result of unstated omissions in the County training provided to its sworn officers, Plaintiff has not provided any detail on what, specifically, has been omitted from the extensive training regimen that caused the described encounter to occur. In reciting only the elements of this cause of action, Plaintiff's allegations against the County amount to no more than an improper demand for vicarious liability. This is not a viable theory of recovery against a public entity in a civil rights case.

A local government may be liable for civil rights violations under 42 U.S.C. Section 1983 *only if* the public entity itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation via a custom, policy, or practice that

was the moving force behind the violation. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). A public entity does not face vicarious liability for any civil rights violation absent an improper policy. *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997) ("*Bryan County*"). Further, a plaintiff seeking to impose municipal liability for civil rights violations must provide specific allegations in his complaint. He "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts" and those facts "must plausibly suggest an entitlement to relief." *AE ex rel. Hernandez v. Cty. of Tulare,* 666 F.3d 631, 637 (9th Cir. 2012).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("*Connick*") (citations omitted). A plaintiff must establish that the specific omission from training amounted to "deliberate indifference" to those whom the employees come in contact with. *Id.* This "stringent standard" requires that policymakers retained a training program in spite of "actual or constructive notice that a <u>particular omission</u> in their training program causes [its] employees to violate citizens' constitutional rights." *Id.* (emphasis added). "A less stringent standard of fault for a failure-to-train claim 'would result in *de facto respondeat superior* liability on municipalities.'" *Connick*, 563 U.S. at 62 (citing *Canton v. Harris*, 489 U.S. 378 1989)).

Plaintiff has not identified any particular omission from training that was the moving force behind his alleged improper seizure. He merely recites the elements of this cause of action without any specific factual support and generically claims "policies" were "not adequate." See FAC ¶¶ 39, 42-45. This does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, or the *Twombly/Iqbal* standards. This is all the more important in a cause of action as disfavored as the "failure to train" theory of municipal liability. Under the well-settled standards set forth above, Plaintiff has failed to state a cause of action for municipal liability under a failure to train theory and this cause of action should be dismissed.

B. <u>Plaintiff Has Failed to State A Claim Against the County for Improper Policy, Custom, or Practice</u>.

To the extent cause of action three purports to seek damages due to improper County custom or practice, rather than failure to train as labeled, the First Amended Complaint has not adequately pleaded the existence of such a custom.

Plaintiff alleges the County's Sheriff's Department "has for many years now unlawfully detained/arrested persons as well as subjected persons to various constitutional violations." FAC ¶ 40. In support of this vague allegation, Plaintiff lists a number of cases purportedly filed against the County in a footnote to his complaint. FAC p. 10 n.2. However, Plaintiff does not provide any of the case numbers, the years these cases were filed, the years each of the alleged incidents occurred, whether the County was properly named as a party, whether the County remained a party to any case after screening or following motion to dismiss, whether the allegations were dismissed on summary judgment, or whether any jury ever held that the County had an improper custom or practice of any kind pertinent to the instant case. In short, Plaintiff has not established *any* constitutional violation occurred in any of these other cases. The only thing Plaintiff's list of supposedly similar cases shows is that the County, the largest in the country, has been named as a party in other litigation over an unknown number of years. It is not a "reasonable inference" that being named as a defendant in other litigation equates to the existence of an unconstitutional custom or practice that was the moving force behind the conduct complained of in Plaintiff's case. Were that the standard, unscrupulous attorneys could simply file a series of unsubstantiated complaints to keep a public entity on the hook for *Monell* claims in perpetuity. For these reasons, Plaintiff has not sufficiently pled a claim for municipal liability based on any improper custom or practice.

C. <u>Plaintiff Has Failed to State A Claim Against the County for Failure to Properly Hire/Fire/Discipline</u>.

Plaintiff's label for the third cause of action includes reference to "failure to properly hire/fire/discipline." However, the factual allegations do not reflect anything pertaining to hiring, firing, or discipline of the named individual defendant or any other County employees. Accordingly, this label should be disregarded as a potential basis for municipal liability.

For each of the reasons presented above, Plaintiff has failed to state a claim for municipal liability against the County on any theory. His placeholder recitation of essential elements is not sufficient. His attempt to establish a pattern of unconstitutional conduct by listing other litigation does not set forth specific facts, as required. And, finally, his conclusory labels, devoid of factual allegations, cannot serve as a placeholder for any theory of liability. Given these deficiencies, the third cause of action should be dismissed.

V.

CONCLUSION

The County of San Bernardino respectfully requests the court grant its motion to dismiss the third cause of action from the First Amended Complaint.

DATED:   August 3, 2020

Respectfully submitted,

MICHELLE D. BLAKEMORE
County Counsel

/s/ Heidi K. Williams
**HEIDI K. WILLIAMS**
Deputy County Counsel
Attorneys for Defendants County of San Bernardino and Daniel Nuci